STATE OF NORTH CAROLINA v. MORGAN JESSIE LEE

No. 774SC304

(Filed 21 September 1977)

**Homicide § 21.4— defendant as perpetrator—insufficiency of evidence**

> The State's evidence was insufficient to support a verdict finding defendant guilty of second degree murder where it tended to show that defendant and deceased lived together in a trailer park; deceased's body was found a few miles from the home of defendant's father in another county; two gunshot wounds caused deceased's death; defendant had beaten and threatened to kill deceased; a neighbor heard two shots near defendant's trailer during the night before deceased's body was found; defendant possessed a .25 caliber pistol prior to deceased's death and had a small pistol when he went to his father's home on the day deceased's body was found; defendant's sister gave officers a .25 caliber pistol when they went to the home of defendant's father; two lead fragments taken from deceased's body were unsuitable for identification; and defendant had himself been shot prior to the time deceased's body was found.

> Judge MARTIN dissenting.

APPEAL by defendant from *Webb, Judge*. Judgment entered 3 February 1977 in Superior Court, SAMPSON County. Heard in the Court of Appeals 1 September 1977.

Defendant was tried on his plea of not guilty to an indictment charging him with the first degree murder of Brenda Jones.

According to the evidence presented by the State, the body of Brenda Jones, the deceased, was discovered in a clearing located "a few miles" from the home of defendant's father in Sampson County. The body was found sometime after 8:00 p.m. on Saturday, 28 August, and the parties stipulated that two gunshot wounds caused her death. However, the officers found no spent cartridges or other evidence in the area where the body was lying.

The defendant had been living with the deceased in a trailer park in Fayetteville for approximately two months. Neighbors in the trailer park testified that the deceased had been beaten on two separate occasions within two weeks of her death. After the second beating, defendant admitted to one of the neighbors that he had

beaten the deceased because she was having an affair. Sometime between the Thursday and Friday mornings prior to the death of Brenda Jones, defendant also told one of the neighbors that he was going to kill Brenda. On Friday night, 27 August, one of the next-door neighbors heard two shots fired outside his trailer, and the shots "seemed fairly close."

On Saturday evening, just before the body was discovered, an officer went to the home of defendant's father, where he saw the defendant. The defendant was acting nervous and had just been shot in the right side. The defendant told the officer that the unidentified person who shot him had run away, but his father testified that he accidentally shot defendant during a "scramble" that occurred as a result of a "misunderstanding." Defendant was taken to a hospital where a detective from the Sheriff's Department questioned him. Defendant told the detective that he had not seen Brenda since 7:30 on Saturday morning and that she did not tell him where she was going. The detective also testified that "[w]hen I asked him about Brenda, he denied knowing anything, sort of smiled and said, 'well, you read my rights and everything, didn't you.' "

Two lead fragments were taken from the body of Brenda Jones, but they were unsuitable for identification. The State introduced into evidence a .25 caliber pistol, identified as State's Exhibit 1, that defendant's sister gave to the officer when he went to the home of defendant's father on Saturday evening. Defendant's father testified that the defendant had a "small pistol" with him when he came home on Saturday evening. One of defendant's neighbors from the trailer park testified that defendant had a black .25 caliber pistol with him in his trailer a few days before the death of Brenda Jones, and that the pistol was similar to State's Exhibit 1. The State introduced into evidence a fired cartridge casing, identified as State's Exhibit 7, which was found to be similar to cartridges test-fired from State's Exhibit 1. However, the State's firearms expert could not conclusively determine whether or not State's Exhibit 7 had been fired from State's Exhibit 1.

At the close of the State's evidence, the defendant moved for nonsuit, and the court denied the motion. The defendant presented no evidence, and the jury found him guilty of second degree murder. From judgment imposing a prison sentence, defendant appealed.

*Attorney General Edmisten by Assistant Attorney General James Peeler Smith for the State.*

*Holland & Poole, P.A., by R. Maurice Holland for defendant appellant.*

PARKER, Judge.

Defendant challenges the sufficiency of the evidence to take the case to the jury. We find the evidence insufficient and hold that defendant's motion for nonsuit should have been granted.

While it is the duty of the jury to determine the weight and credibility of the evidence, it is the court's duty, in the first instance, to determine whether sufficient evidence has been presented to permit the jury to pass upon its weight and credibility. *State v. Brackville*, 106 N.C. 701, 11 S.E. 284 (1890). In this case the State relied upon circumstantial evidence, but the test of the sufficiency of the evidence is the same, whether the evidence is circumstantial, direct, or both. *State v. McKnight*, 279 N.C. 148, 181 S.E. 2d 415 (1971). "To withstand the motion for nonsuit, there must be substantial evidence of all material elements of the offense." *State v. Furr*, 292 N.C. 711, 715, 235 S.E. 2d 193, 196 (1977). In determining whether there is substantial evidence, the court must consider all the evidence in the light most favorable to the State, and every reasonable inference arising from the evidence must be made in favor of the State. *State v. Furr, supra.*

Viewed in the light most favorable to the State, the evidence is sufficient to show that Brenda Jones died by virtue of a criminal act, but the evidence is insufficient to permit a jury to find that the criminal act was committed by the defendant. The evidence that defendant had beaten and threatened to kill the deceased provides strong evidence of motive, but evidence of motive, standing alone, is insufficient to support a conviction. *State v. Furr, supra; State v. Jarrell*, 233 N.C. 741, 65 S.E. 2d 304 (1951); *State v. Hendrick*, 232 N.C. 447, 61 S.E. 2d 349 (1950). A neighbor heard two shots near defendant's trailer, but there was no evidence that either the defendant or the deceased was at the trailer at the time. In fact, there was no evidence to show where the deceased met her death, and the only evidence fixing the time of death was that death must have occurred sometime between Thursday morning, 26 August, when a neighbor saw Brenda Jones alive, and Saturday evening, 28 August, when the body was discovered. The State introduced in evidence a .25 caliber pistol, State's Exhibit 1, but presented no direct evidence to connect this weapon with the defendant. Only by indulging in speculation and assuming facts not in evidence can the inference be drawn that State's Exhibit 1 was ever at any time in defendant's possession. Neither was there any evidence that State's Exhibit 1 was used to kill the deceased. State's Exhibit 7, the fired cartridge casing, could not be conclusively connected to State's Exhibit 1, but

even if the connection could have been made, there was no evidence as to where State's Exhibit 7 had come from or what connection, if any, it may have had with the death of the decedent. Finally, the State introduced evidence that the defendant himself had been shot, but nothing in the record connects that incident to the shooting of Brenda Jones.

The evidence, viewed as a whole, raises a strong suspicion of guilt, but a suspicion or conjecture is insufficient to support a conviction. The evidence was not inconsistent with defendant's innocence, and the motion for nonsuit should have been granted. *State v. Furr, supra; State v. Cutler*, 271 N.C. 379, 156 S.E. 2d 679 (1967); *State v. Jarrell, supra; State v. Brackville, supra.*

Reversed.

Judge ARNOLD concurs.

Judge MARTIN dissenting.

In my opinion, the evidence was sufficient to carry the case to the jury and to support its verdict of guilty of murder in the second degree.